OPINION OF THE COURT
Joseph Rosenzweig, J.
The claimant, a member of Linden Towers Co-operative No. 3, Inc., brought this small claims action to recover $65, the cost of repairing the door to the wall oven in his cooperative apartment.
The question before the court was whether this repair was to be made at the claimant’s expense under clause (a) of article 11 of the occupancy agreement. The relevant section reads as follows:

“Article 11 Repairs.

“(a) By Member. The Member agrees to repair and maintain his dwelling unit at his own expense as follows:
“(1) Any repairs or maintenance necessitated by his own negligence or misuse.
“(2) The replacement, maintenance and repairing of ranges, refrigerators and linoleum within the apartment.”
The court finds no evidence of negligence or misuse of the oven. The sole issue to determine then is whether claimant’s wall oven, located at some distance from the stove burners and on a different wall, is a “range” as contemplated by article 11. The court finds that it is.
*557 There appears to be no law and little guidance available to the court to make this determination. Both sides testified as to their own understanding of the responsibility for repairs. They took opposite views. Any ambiguity in the agreement could hardly be interpreted against the drafter, who is in this case the Department of Housing and Urban Development.
The court looks first to Webster’s New Twentieth Century Dictionary (unabridged, 2d ed) for the meanings of the words range, “a cooking stove,” and stove, “an apparatus * * * of various sizes and designs using fuel or electricity in producing heat for warming, cooking, etc.” We find these definitions broad enough to encompass a wall oven.
Webster’s New World Dictionary of the American Language defines stove as “a unit for cooking typically including an oven and surface units operated by gas or electricity.” We do not believe this definition to be less applicable if the oven is separated from the burners, since each element might be considered a stove under the first definition above.
Our determination that the claimant was responsible for repairing his wall oven is strengthened when we consider the relevant clause of the agreement as a whole. It seems clear that the clause contemplated repair of kitchen appliances. In reaching this conclusion the court is persuaded by the facts that ranges and refrigerators are grouped together and that the listed appliances are written in plural, suggesting that more than one of each appliance might be in the member’s dwelling.
The court has also considered clause (b) of article 11, which details the repairs to be provided by the corporation: “(c) By Corporation. The Corporation shall provide and pay for all necessary repairs, maintenance and replacements of project property, including Member’s dwelling unit, except as specified in clause (a)”.
These repairs appear to be to items that are fixed to the property, as opposed to appliances, which may be purchased separately by the member and installed.
For the foregoing reasons, the court finds that the wall oven is a “range” as contemplated by the occupancy agree *558 ment and that claimant is responsible for the repair he made.
Verdict for defendant and action is dismissed. The clerk is directed to enter judgment in favor of the defendant.